■ KSENIA BENJAMINOV, Appellant, v REPUBLIC INSURANCE GROUP, Respondent. [732 NYS2d 49] —In an action to recover the proceeds of a fire insurance policy, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lisa, J.), entered April 6, 2000, which, upon a jury verdict, is in favor of the defendant on the counterclaims and against her in the principal sum of $116,446.57.

Ordered that the judgment is affirmed, with costs.

When the plaintiff's house was destroyed by fire while it was under renovation, she filed a claim under a fire insurance policy issued by the defendant Republic Insurance Group (hereinafter Republic). Republic denied her claim. Thereafter, the plaintiff commenced this action to recover the proceeds of the policy, and Republic asserted counterclaims to recover the cost of debris removal and the amount paid to the mortgagee named in the policy.

Contrary to the plaintiff's contention, the jury's finding in favor of Republic and against her was not against the weight of the evidence (*see, Nicastro v Park,* 113 AD2d 129). The evidence supports the jury's finding that the plaintiff submitted an untruthful claim form denying that the house had any code violations when it burned down. There was evidence presented at trial that the house burned down as a result of arson after the plaintiff's husband made several appearances before the New York City Environmental Control Board (hereinafter the Board), received a summons to appear in Criminal Court, and was directed by the Board to stop all work and restore the house to its prior condition. Furthermore, there was evidence that the plaintiff and her husband lied in their examinations under oath concerning an opportunity to sell the house for $280,000, the husband's employment status, and the extent of the renovation of the house when it burned down. Accordingly, the finding that Republic was justified in disclaiming coverage for fraud was based on a fair interpretation of the evidence.

The plaintiff's remaining contentions are either without

merit or do not require reversal. Altman, J. P., Krausman, Florio and Cozier, JJ., concur.